Green, Judge,
delivered the opinion of the court:
The plaintiff, who was at the time involved in the case an enlisted man in the United States Army, brings this suit to recover $328.10 which a properly appointed board found, to be the value of certain personal property belonging to-him destroyed by a hurricane in Porto Pico September 1932. The basis of his claim was the allegation that the loss-occurred while he was engaged in saving human life. The-law provides that private property of certain description belonging to enlisted men which may be lost or destroyed in. military service shall have its value “ recouped ” to the-owner under certain conditions, one of which is, when “ it. appears that such private property was so lost, damaged, or destroyed in consequence of its owner having given his attention to the saving of human life.”
*184 Under this provision the plaintiff presented his claim for the value of his projDerty destroyed by the hurricane, and proceedings were had thereon in accordance with the law and regulations made by the War Department thereunder. A duly appointed board found that his property was lost in consequence of his having given his attention to the saving of human life and that his claim otherwise complied with the statute. Another board reviewed the proceeding, made the same report, listed his property and the value thereof, and determined tlxat the replacement value was $828.10, which should be paid the claimant in full settlement. The report of the findings of the board was duly submitted to the Secretary of War, who entered an order approving the same in every respect.
The defense set up is that the actual facts in the case do not support the findings of the board but on the contrary show that the property was not lost by reason of the plaintiff “ having given his attention to the saving of human life.”
We do not need to determine what would be our holding in event there was evidence before us showing the existence of facts different from those found by the board and approved by the Secretary of War. It is sufficient so say on this point that there is nothing in the evidence or record even tending to show that the facts set out in the report of the board and shown in finding VIII were incorrect. If it should be conceded that from the facts stated in the report of the board other minds might come to a different conclusion as to whether the ultimate fact that plaintiff’s property had been lost by reason of his “ having given his attention to the saving of human life ” had been proved, it still must be said that we have no authority to review the conclusion of the Secretary of War thereon, for the statute provides that his decision “ shall constitute a final determination ” of the claim “ and such claim shall not thereafter be reopened or considered.” It may be, as claimed by counsel, that the decision of the Secretary of War pursuant to the statute established an account stated in favor of plain *185 tiff, but that again is another question which we have no necessity to consider.
It would hardly seem necessary to cite authorities supporting this conclusion, but see Acker v. United States, 46 C.Cls. 63, 68, and Gillespie Co. v. United States, 60 C.Cls. 923. The decision in Curran v. United States, 65 C.Cls. 26, is not to the contrary. In that case the court held in substance that the undisputed facts in the case and those upon which the Secretary of War acted in approving the claim were such that his action on the claim was not authorized by law.
Plaintiff is entitled to recover the amount in which the Secretary of War approved his claim and judgment will be entered accordingly.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.